IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. KEISS, #287 263, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-951-WHA |
| | ) | [WO] |
| ALABAMA DEPT. OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently housed at the Ventress Correctional Facility located in Clayton, Alabama, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his due process and equal protection rights with respect to disciplinary proceedings initiated against in him November 2013 for fighting with another inmate. Plaintiff further contends that Defendants subjected him to additional equal protection violations as well as excessive force when he was maced without provocation. He requests trial by jury and seeks damages, restoration of incentive good time credits, and expungement of his disciplinary record. Upon review of the allegations contained in the instant complaint, the court concludes that dismissal of Plaintiff's due process challenge and his complaint against the Alabama Department of Corrections prior to service of process is appropriate in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

## I. DISCUSSION

*A. Due Process*

Plaintiff files this action claiming that Defendants violated his constitutional rights with regard to disciplinary proceedings initiated against him on November 3, 2013, for assault on another inmate. Following a disciplinary hearing Plaintiff was found guilty of the disciplinary infraction, stripped of his incentive good time, and placed in segregation. The court understands Plaintiff to contend that due process violations occurred throughout the disciplinary process which deprived him of a liberty interest and subjected him to unjust punishment. Plaintiff seeks damages, expungement of the disciplinary from his record, and restoration of his incentive good time. (*Doc. No. 1*.) These claims provide no basis for relief at this time because success on such claims would invalidate the disciplinary conviction imposed upon Plaintiff and the loss of good time associated with the disciplinary action. *Muhammad v. Close*, 540 U.S. 749, 754-755 (2004); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court held "that *Heck* bars a prisoner's complaint that 'would, if established, imply the invalidity of the deprivation of his good-time credits.'" 520 U.S. at 64. Specifically, the Court determined that a state prisoner's "claim for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits], is not cognizable under § 1983...." unless the prisoner demonstrates that the challenged action has previously been invalidated. 520 U.S. at 648; *Muhmmad*, 540 U.S. at 754 (holding of *Heck* is applicable to prison disciplinary determinations if prisoner's claim would necessarily affect the fact or duration of his confinement); *Davis v. Hodges*, 481 Fed.Appx. 553, 554 (11th Cir. 2012) ("*Heck* ... applies to prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement."); *Richards v. Dickens*, 411 Fed.Appx. 276, 278 (11th Cir. 2011) (Where disciplinary proceeding results in elimination of good-time credits, "a prisoner's § 1983 suit challenging [the underlying] disciplinary action may be construed as seeking a judgment at odds with his conviction or with the

3

state's calculation of time that he must serve for the underlying sentence" and the lawsuit is therefore barred by *Heck*.). This is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Balisok*, 520 U.S. at 645. As determined in *Heck* and consistently reiterated by the Court the "sole remedy in federal court" for a prisoner whose claims impact the constitutionality of the duration of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the law is well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Because Plaintiff asserts that he lost incentive good time and that the November 2013 disciplinary action against him was based upon insufficient evidence, he must obtain invalidation of the disciplinary action through habeas corpus or other appropriate state remedy before he may seek relief in this court under § 1983. The complaint establishes that the disciplinary judgment has not been expunged or invalidated in an appropriate proceeding. "Absent expungement or invalidation of th[e] disciplinary action[], [Plaintiff's] claims are barred by *Heck*." *Richards*, 411 Fed.Appx. at 278. Plaintiff has not shown that the disciplinary decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Plaintiff presently has no

cause of action under § 1983 with respect to claims challenging the November 2013 disciplinary proceedings. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

*B. The Alabama Department of Corrections*

Plaintiff names the Alabama Department of Corrections as a defendant. The Alabama Department of Corrections, however, is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Department of Corrections are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's due process challenge to the November 3, 2013, disciplinary proceedings be DISMISSED without prejudice in accordance with the directives of 28

---

[2] Plaintiff is advised that prior to seeking federal habeas corpus relief he must first properly exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the State[.]")

U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's complaint against the Alabama Department of Corrections be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. The Alabama Department of Corrections be DISMISSED as a party to the complaint; and

4. Plaintiff's claims of retaliation, discrimination, and excessive force against the remaining Defendants be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that on or before **January 29, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of January 2014.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE