IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. KEISS, #287 263, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-951-WHA |
| | ) | [WO] |
| ALABAMA DEPT. OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a pleading captioned *Request for Order of Protection by Injunction Order* which the court considers a request for a preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. He maintains that he is currently housed in the same facility with the same defendants against whom his current complaint is filed and fears retribution as a result such filing. Plaintiff requests that the Alabama Department of Corrections be ordered to transfer him to a another institution appropriate for his custody level. Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**I. DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The court has reviewed Plaintiff's request for a preliminary injunction and finds that he fails to meet each of the prerequisites for the issuance of a preliminary injunction.

Plaintiff has not alleged that he will suffer specific and irreparable harm if an injunction is not issued. Additionally, granting the requested relief would require entry of an order preventing a "person[] from doing something entirely speculative in nature." *Bieros v. Nichola*, 857 F. Supp. 445 (E.D. Pa. 1994); *see also Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa.1995) ("the claimed injury cannot merely be possible, speculative or remote."). Furthermore, it is impossible to determine what Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on Defendants and/or the Alabama Department of Corrections and whether issuing one would harm the public interest. The undersigned, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (*Doc. No. 3*) be DENIED.

It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **January 28, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 14th day of January 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE