IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. KEISS, #287 263, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-951-WHA |
| | ) | [WO] |
| OFFICER JOSEPH N. WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 13, 2014, Plaintiff filed a motion to dismiss the complaint which the court considers a motion for voluntary dismissal without prejudice pursuant to Rule 41(a), *Federal Rules of Civil Procedure*. Upon consideration of Plaintiff's motion to dismiss, the court concludes that the motion is due to be granted. Furthermore, the court concludes that this case should be dismissed without prejudice. *See* Rule 41(a)(2), *Federal Rules of Civil Procedure*.

Dismissal without prejudice pursuant to Rule 41(a)(2), F.R.Civ.P., at the insistence of Plaintiff is committed to the sound discretion of this court, and absent some plain legal prejudice to Defendant, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to Defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if Defendant was given an opportunity to file a response to Plaintiff's motion to dismiss, he would not be able to demonstrate the existence of clear legal prejudice.  Consequently, the court concludes that this case should be dismissed without prejudice on the motion of Plaintiff.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's Motion to Dismiss (*Doc. No. 40*) be GRANTED.

2.  This case be DISMISSED without prejudice.

3.  No costs be taxed herein.

It is further

ORDERED that  **on or before June 9, 2014**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of May 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE